# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

BOB AARON MIKELL    )
          )
v.          )   Case No. CV609-065
          )       CR606-026
UNITED STATES OF AMERICA )

## REPORT AND RECOMMENDATION

  Bob Aaron Mikell pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and 18 U.S.C. § 2. CR606-026, doc. 702. He cooperated with the government, received a reduced, 192-month sentence, then unsuccessfully appealed on sentencing-unreasonableness grounds. *Id.* at 2[1]; doc. 751 at 37-38, doc. 839; *United States v. Mikell*, 284 F. App'x 707 (11th Cir. 2008). He later filed a "Notice of Motion For Relief Pursuant to 28 U.S.C. § 2255 to Vacate/Set Aside," and attested that in June 2008 he sought state habeas relief against the prior convictions used to enhance his federal court sentence. Doc. 985 at 2. As

---

[1] Because of formatting issues, the Court's docketing system often "screen-prints" on each document's page pagination different than the original, paper-copy of the document. All "doc." page numbers cited here are the "screen-print" numbers.

of August 12, 2009, he asserted, "the three writs [were] pending in the Supreme Court of Georgia, under review." *Id.* He evidently was anxious about the one-year limitation period when filing a § 2255 motion here. Nevertheless, this Court deemed it a "placeholder motion" designed to elicit legal advice about the § 2255 limitations period (i.e., whether he was going to exceed it). Doc. 992, *reported at* 2009 WL 3201769. Since the motion was not ripe, the Court dismissed it without prejudice. Doc. 992, *adopted*, docs. 999, 1000.

Using a strange title ("Motion of Pure Plea. . . ."), Mikell later renewed his § 2255 motion, this time contending that his prior convictions are invalid, but *not* adducing any evidence (e.g., state court judgments vacating them). Doc. 1037. Conceding timeliness, the government moved the Court "to docket [Mikell's latest] § 2255 motion and [to institute a] Briefing Schedule." Doc. 1038. The Court granted that, doc. 1041, thus revived Mikell's earlier-dismissed § 2255 motion, docs. 985, 997, and took further briefing. Docs. 1042, 1048, 1072, 1096, 1098. *See* doc. 1098 at 2-3 (government's brief detailing this result).

## II. ANALYSIS

Ignoring Mikell's non-sensical filings (e.g., that he "was

indigenously born a free national 'Moor' Moslem African descendant," thus is the victim of "denationalization and genocide," and the entire federal court system therefore has no jurisdiction over him and has violated the Ex Post Facto Clause, doc. 1097 at 1-13 ¶¶ 1-20),[2] three general categories of claims emerge. First, his lawyer -- Jason Carl Pedigo -- was ineffective in various ways. Doc. 997 at 13-35; *see also* doc. 998; & doc. 1072 at 13 ¶ 20 ("Mikell argues that his plea of guilty was entered based on counsel's erroneous advice about all options available to Mikell, including the improper advice *prior* to and during the [Fed. R. Cr. P. 11] proceeding," hence, his guilty plea) (emphasis added). Because of

---

[2]  In fact, lucid thought only intermittently runs through Mikell's filings. His October 21, 2009 filing will also be disregarded as non-sensical, as it pivots off his self-declaration that he is a "Moorish" descendant over whom the United States has no jurisdiction. Doc. 1097 (CV609-065, doc. 12). His "Motion of Pure Pleading," doc. 1037 (CV609-065, doc. 13), is more lucid, so it will be addressed. The government responded to that, doc. 1048 (CV609-065, doc. 17), but Mikell replied with more "Moorish" fantasizations, doc. 1042 (CV609-065, doc. 16), which will also be ignored. His later-filed "Traverse" for the most part brings him back down to earth again, doc. 1072 (CV609-065, doc. 28), so all but ¶¶ 37-43 (his slavery-based arguments) of that will be considered, along with his opening brief and affidavit, docs. 997 & 998.

Meanwhile, Mikell filed, *inter alia*, a "motion reserving the right to file additional motions," doc. 1071 (CV609-06,5 doc. 27), which the Court denied as moot because he has been free to file as many reply briefs as he wants. Doc. 1078 (CV609-065, doc. 29). He later filed a "Motion for Leave to file Motion for Reconsideration," doc. 1096 (CV609-065, doc. 30), which the government opposed as a constructive and untimely motion to amend his § 2255 motion. Doc. 1098 (CV609-065, doc. 31). Mikell then replied to that response. Doc. 1103 (CV609-065, doc. 33). The district judge denied his "Reconsideration" motion (i.e., doc. 1096, CV609-065 doc. 30) on procedural grounds. Doc. 1106 (CV609-065 doc. 34).

that, Mikell insists he is now entitled to more or less a "line-by-line" challenge to the government's case against him. Docs 997, 998, & 1072.

Second, he contends that even though the state habeas court refused to vacate his underlying state convictions, this Court should act as if it did because he *should have* won there. Doc. 1096 at (contending that state court records show his prior state court convictions -- used by this Court to enhance his federal sentence -- are "defective" for various reasons) (again, as a standalone motion, this was denied on procedural grounds, doc. 1106). And third, Mikell alleges defects in the actual guilty plea and sentencing procedures that occurred in his case. These include his attorney's failure to competently challenge the prior convictions, as well as shepherd his mitigation witnesses and cooperation efforts toward a reduced sentence. Doc. 997 at 11-13.

## A. Governing Standards

Four sets of governing principles must be applied here. First, Mikell "bears the burden of establishing the need for § 2255 relief, as well as that of showing the need for an evidentiary hearing." *Oung v. United States*, 2010 WL 2037379 at * 2 (D. Mass. May 18, 2010); *see also Williams v. Allen*, 598 F.3d 778, 788 (11th Cir. 2010). He thus must

demonstrate that any claimed error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quotes and cite omitted).

Second, any claims not raised on direct appeal are procedurally defaulted, *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004), though claims of ineffective assistance of counsel (IAC)[3] are not. *Massaro v. United States*, 538 U.S. 500, 504 (2003).[4] Third, "the two-

---

[3] In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether counsel's assistance was ineffective. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Indeed, the movant must show that "no competent counsel would have taken the action that his counsel did take." *Ford v. Hall*, 546 F.3d 1326, 1333 (11th Cir. 2008) (quoting *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). The prejudice prong requires movants to establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *Strickland*, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Lightbourne v. Dugger*, 829 F.2d 1012, 1022 (11th Cir. 1987); *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1983).

[4] As this Court previously explained:

part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Lalani v. United States,* 315 F. App'x 858, 860-61 (11th Cir. 2009).

And fourth, a defendant who enters an unconditional plea of guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred *prior* to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (emphasis added). That is, "[a] defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997); *see also United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003). The bar applies both on appeal and on

---

"Under the procedural default rule, a [movant] generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else [he] is barred from presenting the claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir.2004). Accordingly, any grounds raised here that could have been raised on appeal are procedurally defaulted unless [Mikell] can establish cause and prejudice excusing his default (or establish his actual innocence of the crime). *Id.* at 1234 (*citing Bousley v. United States*, 523 U.S. 614, 622 (1998)); *United States v. Nyhuis*, 211 F.3d 1340 (11th Cir. 2000). It is well established that "constitutionally '[i]neffective assistance of counsel ... is cause'"for excusing a procedural default. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991) (citations omitted).

*Mills v. United States*, 2010 WL 4237802 at * 2 (S.D. Ga. Sep. 29, 2010).

collateral attack. *See United States v. Broce*, 488 U.S. 563, 569 (1989).

"A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a 'conditional guilty plea' in accordance with Federal Rule of Criminal Procedure 11(a)(2)." *Pierre*, 120 F.3d at 1155.

Defendants who have entered an unconditional guilty plea therefore may challenge only their pre-plea constitutional claims by showing that the advice they received from counsel undermined "the voluntary and intelligent character of the plea." *Tollett*, 411 U.S. at 267. This includes "defects in the procedure by which the plea was received or circumstances which make the plea other than voluntary, knowing and intelligent." 5 WAYNE R. LAFAVE, ET AL., CRIMINAL PROCEDURE § 21.6(a) (3d ed. 2010). It also includes cases where the guilty plea was "induced through threats, misrepresentations, or improper promises, [such that] the defendant cannot be said to have been fully apprised of the consequences of the guilty plea. . . ." *Williams v. McNeil*, 2010 WL 3384927 at * 5 (S.D. Fla. Jul. 20, 2010) (citing *Mabry v. Johnson*, 467 U.S. 504, 509 (1984)).

Otherwise, they have waived all substantive claims that could have

been raised before the plea, such as suppression-based claims. *Franklin v. United States*, 589 F.2d 192, 194-95 (5th Cir. 1979) ("By entering a knowing, voluntary, intelligent guilty plea on the advice of competent counsel, [Petitioner] has waived all nonjurisdictional complaints ... [such as] claims regarding *Miranda* warnings, coerced confessions, perjury and illegal searches and seizures...."); *Washington v. United States*, 2010 WL 3338867 at * 15 (S.D. Ala. Aug. 5, 2010) (collecting Eleventh Circuit cases denying habeas relief on suppression-based IAC claims and concluding that, "[b]ecause all of Washington's asserted claims of ineffective assistance of counsel relate to the suppression issue, the denial of which has been waived . . . they have been waived by petitioner's entry of a knowing and voluntary plea. . . .").

## B. Mikell's Pre-Plea Claims

Mikell, who pled guilty unconditionally, cites no *legally recognizable* involuntariness grounds (e.g, that he was threatened or misled by his lawyer, the judge, etc.) that would undermine his guilty plea.[5] His overarching assertion here is that because Pedigo did not fully

---

[5] *See* doc. 1110 at 11 ("THE COURT: Mr. Bob Aaron Mikell, are you under any coercion or force, or threats to plead guilty? DEFENDANT MIKELL: No, sir."); *id.* at 39 ("THE COURT: Do you have any complaints against your lawyer, Mr. Mikell. DEFENDANT MIKELL: No, sir. No."); *id.* at 43 ("THE COURT: Mr. Mikell, you've

investigate and litigate any pre-plea claim that Mikell has since thought of, he did not enjoy the benefit of any such successful claim (including any sense of increased, plea-bargaining leverage that *might* have been evoked), so his guilty plea -- as negotiated without such benefit -- is now "involuntary."

Of course, that simply ignores the fact that by "entering into the negotiated plea agreement, [Mikell] was telling his lawyer not to conduct any further investigation and not present at a trial proceeding any legal defenses that he may be entitled to as it relates to his case." *Glaubman v. United States*, 2009 WL 2970495 at * 20 (S.D. Fla. Sep. 16, 2009). Put another way, that *was* the plea bargain here -- spare the government from having to respond to all the suppression and other pre-plea issues Mikell now seeks to raise *in exchange* for reduced sentence exposure.[6]

---

had enough time to talk to your lawyer. Is that correct? DEFENDANT MIKELL: Yes, sir.").

[6] *See* doc. 919 (plea agreement bearing government's agreement that Mikell could plead guilty to "lesser included offense" in Count 1 of indictment, plus government's "sentence-reduction" promises); doc. 686 (government's U.S.S.G. § 5K1 .1 motion for a downward departure); doc. 751 at 20-21 (sentencing transcript showing prosecutor's request for reduction in exchange for Mikell's guilty plea and helpful testimony against co-defendants). Mikell, for that matter, raises no allegation that the government failed to uphold its end of the bargain. Nor does he allege in his lengthy affidavit (doc. 998) that he would not have pled guilty had his lawyer litigated the suppression and other pre-plea issues.

*See Premo v. Moore*, ___ U.S. ___, 2011 WL 148253 at * 7 (Jan. 19, 2011) (upholding a state court's no-IAC determination, Court underscored the give and take of a plea-bargain premised on a dropped suppression motion).

Mikell thus wants to renege. He cannot. By pleading guilty and thus waiving *all* nonjurisdictional defects,[7] he limits this Court's focus only on whether he entered into a voluntary plea, and thus whether he understood the law in relation to the indictment's alleged facts. *Tomas-Gostas v. United States*, 2009 WL 3232165 at * 3 (M.D. Fla. Sept. 30, 2009) ("counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between entering a guilty plea and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984)."); *Glaubman,* 2009 WL 2970495 at * 20.

With one exception, addressed and rejected below, Mikell does not claim that he did not understand the facts and the elements of the

---

[7] The "jurisdictional exception" is discussed in 5 LaFave, Criminal Procedure § 21.6(a). *See also United States v. Sealed Appellant*, 526 F.3d 241, 243 (5th Cir. 2008) (guilty plea waived defendant's claim that 18 U.S.C. § 2251, under which he was charged, exceeded Congress's power under the Commerce Clause, because he raised no jurisdictional defect; Commerce Clause challenge addressed Congressional, not *judicial* jurisdiction, and it is only the latter type of claim that cannot be waived).

offense upon which the charge rested. Therefore, his pre-plea, "Suppression of Wiretap evidence," telephone intercept, alibi witness, (etc.) claims, doc. 997 at 2-3 (Issues A-E & G), as detailed in doc. 997 at 1-11, plus those set forth in doc. 997 at 13 ¶ 30 (A)(1)-(3) & ¶ 13(B); at 14-21 ¶¶ 33-46 are denied as "guilty-plea waived,"[8] so the Court will reach only those claims set forth at doc. 997 at 11-12 ¶¶ 23-25, ¶¶ 26-29, as well as at 13 ¶ 30(A)(4) & (5), ¶ 30(C), as further briefed in doc. 1072 (Mikell's "Traverse") at 7-8 ¶¶ 13-14, and at 19-30 ¶¶ 26-34.

## C. Plea Proceeding and Sentencing Claims

Guilty-plea proceeding and sentencing-based claims, in contrast, face different standards because they are not "pre-plea." *See, e.g., Hudson v. United States*, 727 F.Supp.2d. 1376, 1381 (S.D. Fla. 2010) (procedural default on the part of a guilty-plea defendant moving for vacation of sentence was caused by defense counsel's ineffective

---

[8] Additionally, because Mikell entered an unconditional guilty plea, Pedigo (who also represented him on appeal) was foreclosed from raising the suppression issues on appeal. Thus, although Mikell does not expressly allege that Pedigo performed deficiently on appeal, such a claim would be meritless in any event. *United States v. White*, 136 F. App'x 227, 228-29 (11th Cir. 2005) ("A district court's refusal to suppress evidence is non-jurisdictional and is waived by a guilty plea."). Further, under *Strickland's* prejudice prong, Mikell must establish "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59-60. Nowhere in his affidavit (doc. 998) does he allege that.

assistance in failing to raise at sentencing new and compelling arguments that defendant's prior conviction for felony fleeing and eluding with siren and lights activated was not a "crime of violence" for purposes of career offender sentencing; defendant suffered prejudice as a result and thus met cause and prejudice exception to procedural default).

### 1. Mikell's "5K1.1 Cooperation"

Citing *United States v. Leonti*, 326 F.3d 1111 (9th Cir. 2003) and *United States v. Ming He*, 94 F.3d 782 (2nd Cir. 1996), Mikell faults Pedigo for failing to assist him in cooperating with the government to win optimum sentence-reduction consideration.[9] Doc. 997 at 3 ¶ F; *id.* at 11-12; doc. 998 at 11; doc. 1072 at 29-30 ¶ 33. *Leonti* reasoned that, "as substantial assistance has become the last, best hope of so many defendants, the guarantee of competent counsel must apply to the process of seeking such a recommendation." *Leonti,* 326 F.3d at 1118; *see also id.* at 1119 ("[A]n attorney's assistance is critical to the cooperation process in a number of respects, including, but not limited

---

[9]   The district court "may depart from the guidelines ... [u]pon motion of the government stating that the defendant has provided substantial assistance," and the comments to the provision state that "[s]ubstantial weight should be given to the government's evaluation of the extent of the defendant's assistance." U.S.S.G. Manual § 5K1.1 & cmt. n. 3 (2010). This is the same standard as existed in 2008. U.S.S.G. Manual § 5K1.1 & cmt. n. 3 (2008). As noted *supra*, Mikell exploited the § 5K1.1 option by cooperating with the government in this case.

to, facilitating communication between the defendant and the government, attending proper sessions, ascertaining the government's expectations and whether the defendant is satisfying them, communicating the client's limitations to the government, and establishing a record of attempts to cooperate."); *cf. Ming He*, 94 F.3d at 792 (defendant who is a cooperating witness is entitled to have counsel present at prosecutor's debriefing interview).

Here, however, Mikell fails to show *Strickland* prejudice. Even though he agreed to cooperate with government agents, he insists his lawyer *should have* been present but was not, and this prejudiced him. But he never says how, and in fact the record shows that the government was pleased with his cooperation -- it sought a sentence reduction because of it. Doc. 751 at 19-20. The Probation Officer concurred: PSI ¶¶ 21-24 (noting Mikell's cooperation); *id.* ¶¶ 28-29 (recommending reduction for accepting responsibility). Mikell thus at best speculates that he would have fared even better had Pedigo sat next to him during his cooperation with government agents. That dog won't hunt. *United States v. Mincey*, 2010 WL 2636022 at * 2 (S.D.Ga. Jun. 29, 2010) (a § 2255 movant "cannot rest on speculation, conclusory assertions, or the

mere suggestion that something might have been discovered underneath a newly turned stone.").[10] Mikell fails to show what difference it would have made had Pedigo sat next to him during any "§ 5K1.1" debriefing. Nor does he show what difference any additional and evidently cumulative, mitigation witnesses would have made: 3 x 0 = 6 x 0.

## 2. Guilty Plea Hearing Claim

Mikell next complains of Pedigo's "[f]ailure to explain elements of offense." Doc. 1072 at 30 ¶ 35. He initially intermixed this with his career-offender based claims reached *infra*, doc. 997 at 34-35 ¶¶ 68-69, but he later limits this claim to the government's failure "to prove that the records [sic] supports that Mikell was admonished of such elements." *Id*. at 30-31 ¶ 35. The guilty plea transcript shows, however, that the district judge explained the elements, doc. 1110 at 44-48, so any attorney error is harmless on that score.

Mikell also complains that Pedigo failed to explain to him "that

---

[10] Even more baseless is Mikell's *post*-conviction claim that he cooperated with *state* agents, and Pedigo thus evidently was supposed to then pitch that to the federal prosecutor for a further sentence reduction. Doc. 998 at 12 ¶¶ 66-67. Mikell does not even hint at any legal duty Pedigo owed him beyond furnishing representation for his direct appeal, much less how this establishes fundamental error. Again, conclusory claims warrant no evidentiary hearing, only summary treatment. *Allen v. Secretary, Florida Dept. of Corrections*, 611 F.3d 740, 745 (11th Cir. 2010); *McKinney v. Jarriel*, 2010 WL 4313394 at * 4 (S.D.Ga. Oct. 8, 2010).

conspiracy and aiding and abetting were the same and carried the same amount to [sic] time." Doc. 1072 at 31. He then picks at evidentiary infirmities in the government's case against him. *Id.* at 31-32. These claims are meritless, as the district judge fully explained the elements of the offense and warned him of the sentencing range, doc. 1110 at 44-48, to which he expressed no objection and in fact stated that he understood. *Id.* at 47-48. For that matter, the Court was not obligated to provide notice of a potential guideline enhancement prior to accepting his guilty plea. *See United States v. Bozza*, 132 F.3d 659, 661 (11th Cir. 1998). Nor was it required to advise him of specific guideline provisions, only the statutory minimum and maximum and that the Court would be obligated "to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a). . . ." Fed. R. Cr. P. 11(b)(1)(m) (2007).

### 3. Sentencing-range Claims

All of Mikell's sentencing-range based claims, including those tied to his prior state court convictions, fail. The PSI noted seven prior state court misdemeanor and felony convictions, PSI at 15-18 ¶¶ 43-49, then

concluded that two of them -- his 1994 and 1997 state court "felony convictions in involving sale of cocaine and possession of cocaine with intent to distribute" -- supported career-offender treatment under U.S.S.G. § 4B1.1, with a criminal history category of VI. PSI at 18 ¶ 51.

Pedigo objected to several of his priors. *See* "Addendum to the Presentence Report" (noting objections to PSI ¶¶ 39, 44, 46 & 51). But as the prosecutor noted during Mikell's sentencing hearing: "None of [the non-1994 and 1997] charges are driving the boat here. He has got two [the 1994 and 1997] prior felony drug convictions." Doc. 751 at 28-29. Thus, the prosecutor correctly argued, even if all other prior state convictions were ignored, Mikell's sentencing range, as based only on Mikell's 1994, "sale of cocaine" state-court conviction, PSI ¶ 45, along with his 1997 cocaine possession/distribution conviction, PSI ¶ 46, would remain unchanged. *See* U.S.S.G. § 4B1.1(a) ("A defendant is a career offender if . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.").

Mikell says that on the face of his 1994 and 1997 convictions this Court should grant him relief because they are void for various reasons

(he was unrepresented, etc.). Doc. 1037, 1096. Normally procedural default would apply here, as this claim was not raised on appeal. *Daniels v. United States*, 532 U.S. 374, 382 (2001) (applying procedural default rules and stating, "[a] defendant may challenge a prior conviction as the product of a *Gideon* violation in a § 2255 motion, but generally only if he raised that claim at his federal sentencing proceeding."); *Reed v. United States*, 2009 WL 3617758 at * 5 (M.D. Ga. Oct. 28, 2009). But Mikell also contends that Pedigo was ineffective in failing to knock out these convictions at sentencing, doc. 997 at 12-13; *id.* at 13 ¶ 30(A)(5); *id.* at 23-23; *id.* at 30-31; doc. 1072 at 19-23, and the *Massaro* exception (indirectly review the claim to determine whether Pedigo provided IAC and, if so, whether Mikell was prejudiced)[11] arguably constrains a limited look now.[12]

The problem for Mikell, however, is that Pedigo then faced a steep

---

[11] "In the case of ineffective assistance during the punishment phase, prejudice is established if 'there is a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh.' *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir.1993); *United States v. Bartholomew*, 974 F.2d 39, 42 (5th Cir.1992). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694." *Perez v United States*, 2009 WL 2524607 at *4 (S.D. Fla. Jul. 22, 2009).

[12] Mikell does not dispute that his sentence fell within the statutory limits, and thus is otherwise insulated from § 2255 review on those grounds alone. *Fernandez v. United States*, 941 F.2d 1488, 1494 (11th Cir. 1991).

barrier, as he could not challenge the 1994 and 1997 convictions except

on *Gideon* (that Mikell had been unrepresented) grounds:

> Generally, a defendant may not collaterally challenge a prior conviction used to enhance his sentence during the federal sentencing hearing. *United States v. Axam*, 292 Fed.Appx. 776, 780-81 (11th Cir.2008) (citing *Custis v. United States*, 511 U.S. 485, 497, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994)). The only recognized exception to this rule is where a defendant was denied the assistance of counsel in the prior proceeding in violation of his Sixth Amendment right to counsel. *United States v. Roman*, 989 F.2d 1117, 1120 (11th Cir.1993). In that instance, the prior conviction is "presumptively void" and may be challenged during the federal sentencing hearing. *Id.*

*Johnson v. United* States, 2009 WL 995472 at * 8 (M.D. Fla. Apr. 13, 2009) (footnote omitted). Nor could Pedigo challenge the prior convictions on IAC grounds. *United States v. Miller*, 262 F. App'x 226, 231-32 (11th Cir. 2008); *Axam*, 292 F. App'x at 780-81.

Pedigo therefore cannot be said to be ineffective for failing to challenge Mikell's 1994 and 1997 state convictions during sentencing. As confirmed by the government, doc. 1098 (attachments), Mikell's own (2009-2010) state habeas efforts to overturn those convictions have failed. Hence, Pedigo cannot be said to have prejudicially erred. And this Court accepts the state habeas court's factual findings and legal conclusions -- that Mikell was represented for his 1994 conviction,

voluntarily and knowingly pled guilty on it, and suffered no due process violation as a result of it, doc. 31-1 at 4-10; also, he validly waived his right to counsel, and thus knowingly and voluntarily pled guilty on his 1997 conviction, *id.* at 10-17); *see also* doc. 1106 (the district judge in this case denied Mikell's "motion for reconsideration" on procedural grounds -- that Fed. R. Civ. P. 60(b) cannot be invoked in a *criminal* case).[13] Therefore, Mikell cannot show *Strickland* prejudice on these sentencing-based claims.

---

[13] Somewhat coyly, Mikell acknowledges that the state habeas court's adverse ruling but asks this Court to ignore it and instead focus on facts he's selectively elicited from that court's proceeding -- he insists they show that he went unrepresented for his 1994 conviction. Doc. 1096; doc. 1103. He then asks this to Court rule the 1994 conviction invalid (he only needs to knock out one of the two prior state court convictions), and thus undo his career-offender enhancement here: "Mikell does not contest the State court's resolution, just the 'factual evidence' established on records, that does possess sufficient disqualification of the 1994 prior conviction to support this Court's recommendation to categorize him as a career offender under USSG § 4b1.1 & 2." Doc. 1103 at 9-10. But Mikell has now litigated himself out of Court because, as he says, he *does not contest* the State court's *resolution*.

Thus, even if somehow he brought a 28 U.S.C. § 2254 petition now (the proper vehicle, by the way, for challenging the 2009-2010 state habeas court rulings -- *not* an amendment of his pending § 2255 motion), and even if that § 2254 petition was not time-barred (it surely would be), he nevertheless has *conceded* the state court's legal resolution (that his convictions are not constitutionally infirm). This Court must otherwise accept such resolution until it is shown to be unreasonable under the 28 U.S.C. § 2254(d) standards recently applied in *Premo*, 2011 WL 148253 at * 4, and *Harrington v. Richter*, ___ U.S. ___, 2011 WL 148587 at * 10 (Jan. 19, 2011). Conceding its correctness is the opposite of what § 2254(d) requires. For these reasons, his "motion for reconsideration" (doc. 1096) is denied on substantive grounds, too. *See* doc. 1106 (district judge denied it on procedural grounds).

### 4. "Crack Cocaine Amendment Claim"

Finally, Mikell complains that he contacted Pedigo in February, 2008 "about filing a motion for the 'Crack Law" amendment (presumably Sentencing Guidelines Amendment 706, which permits courts to reduce sentences calculated pursuant to crack cocaine guidelines), and thus that Pedigo, post-conviction violated some duty to act on that change in the law. Doc. 998 at 19-20 ¶¶ 93-95. This issue is frivolous on multiple grounds, not the least of which is the fact that, as a career offender, Mikell would not have qualified for such relief. *See United States v. Ortiz*, 327 F. App'x. 167, 168 (11th Cir. 2009) ("because Ortiz was sentenced based on the career-offender offense level, she was ineligible for a sentence reduction under Amendment 706.").

## III. CONCLUSION

Bob Aaron Mikell's 28 U.S.C. § 2255 "Motion For Reconsideration," doc. 1096, previously denied on procedural grounds, doc. 1106, should also be **DENIED** on substantive grounds. Likewise, his 28 U.S.C. § 2255 motion (doc. 985, as renewed, doc. 1037) should be **DENIED** on substantive grounds.

Applying the Certificate of Appealability ("COA") standards set

forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this   26th   day of January, 2011.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA